IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PRCI LOAN CFL LLC
Plaintiff

vs

THE GALLERY OFFICE CENTRE, INC.; RAFAEL TORRES PACHECO a/k/a RAFAEL ANGEL TORRES PACHECO; ANNELISE ORTIZ SERRANO
Defendants

CIVIL 16-2859CCC

**ORDER**

Before the Court is plaintiff PRIC Loan CFL, LLC's Motion for Summary Judgment (**d.e. 17**) filed December 4, 2018, and co-defendants The Gallery Office Centre, Rafael Torres Pacheco and Annelise Ortiz Serrano's Opposition (d.e. 26) filed June 19, 2019. This is an action for foreclosure and collection of monies.

**I. UNDISPUTED FACTS**

On July 29, 2003, for value received, defendants subscribed, signed and delivered a Mortgage note payable to Doral Financial Corporation d/b/a HF Mortgage Corporation, or to its order, for the principal amount of Nine Hundred Thousand Dollars ($900,000.00) with interest at the rate of 7.95% per annum, secured by a first mortgage constituted by deed number 3282, executed in San Juan, Puerto Rico on the same date, before Notary Public Yivette Carrión de Jesús. (d.e. 17-4; d.e. 17-6).

CIVIL 16-2859CCC                    2

The mortgage described above was executed upon the following property, which is described in the Spanish language as follows:

> ---URBANA: Parcela de terreno en el Barrio Rio de Guaynabo, Puerto Rico, sector La Muda, identificado como Lote, A en el plano de inscripción con un área superficial de dos mil sesenta y siete punto cuatrocientos cincuenta y tres (2,067.453) metros cuadrados equivalentes a cero punto quinientos veintiséis (0.526) cuerdas. En lindes por el NORTE, con terrenos propiedad de J.C. Penney; por el SUR, con camino dedicado a uso público, según consta del plano de lotificación preparado por el Ingeniero Miguel E. Santiago Pietri, Lic. #6633; por el ESTE, con terrenos de la finca la cual se segrega propiedad de Storage Partner # 1 S.E. y por el OESTE, con terrenos de uso público dedicado a la Carretera Estatal # 1.
>
> ---Finca número: 41,408 Inscrita al folio 130 del tomo 1182 de Guaynabo, Registro de la Propiedad de Puerto Rico, Sección de Guaynabo.

(d.e. 17-6).

Co-defendant The Gallery Office Centre Inc. is the owner of the mortgaged property according to the Registry of Property. (d.e. 17-7).

## II.  **STANDARD OF REVIEW**

The standard applicable to summary judgment motions was summarized by the Court of Appeals in <u>Johnson v. University of Puerto Rico</u>, 714 F.3d 48, 52 (1st Cir. 2013):

> Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Cox v. Hainey</u>, 391 F.3d 25, 29 (1st Cir. 2004). We look to the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits in making the determination. <u>Thompson [v. Coca-Cola Co.]</u>, 522 F.3d [168,] at 175 [(1st Cir. 2008)]. A dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." Id. (quoting <u>Sánchez v. Alvarado</u>, 101 F.3d 223, 227 (1st Cir. 1996)) (internal quotation mark omitted). A fact is material if it has potential to

determine the outcome of the litigation. Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008).

Once a properly supported motion has been presented, where a nonmovant bears the burden of proof on an issue, the nonmovant must point to competent evidence and specific facts to defeat summary judgment. Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). The evidence proffered must be "significantly probative of specific facts," Pérez v. Volvo Car Corp., 247 F.3d 303, 317 (1st Cir. 2001), and the "mere existence of a scintilla of evidence" in support of the nonmovant's position is insufficient, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986).

### III. ANALYSIS

#### A. Inadmissibility of All of Plaintiff's Evidence

Defendants first argue that the Court should exclude all of plaintiff's evidence under Fed. R. Civ. P. 37, as it was not produced to defendants within the Court's discovery deadline. Defendants previously raised this issue in their Motion to Strike (d.e. 18), and plaintiff responded in its Opposition to Motion to Strike (d.e. 20). The Court denied defendants' request for exclusion in its Order (d.e. 24). The Court again rejects this argument without further discussion.

#### B. Whether Plaintiff Is the Holder of the Mortgage Note

The only disputed fact is whether plaintiff is the holder of the promissory note. The original promissory note was made payable to Doral Financial Corporation d/b/a HF Mortgage Corporation. Pursuant to 19 L.P.R.A. § 551,

CIVIL 16-2859CCC                4

"if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder."

Plaintiffs have submitted the promissory note (d.e. 17-4), but no evidence of indorsement transferring the note from Doral Financial Corporation d/b/a HF Mortgage Corporation to plaintiff or any other party. Plaintiffs submitted two Allonges to the promissory note, but the first shows a transfer from the Federal Deposit Insurance Corporation as Receiver for Westernbank to Banco Popular, and the second shows a transfer from Banco Popular to plaintiff (d.e. 17-4). Defendants correctly argue that these documents do not reflect a chain of transfer from Doral Financial Corporation d/b/a HF Mortgage Corporation to plaintiff. Accordingly, there remains a genuine dispute of material fact as to whether plaintiff is the holder of the promissory note.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment (**d.e. 17**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge